# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

WILLIAM BRENT ROBISON,

    Plaintiff,

v.                                                     Case No. 20-2155

TRAVEL LEADERS CORPORATE, LLC,

    Defendant.

## COMPLAINT

Plaintiff William Brent Robison, through his attorneys, brings this action against Defendant Travel Leaders Corporate, LLC under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for failure to pay overtime compensation and state law claims for breach of contract and quantum meruit/unjust enrichment.

## I. JURISDICTION

1.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.     This Court has supplemental jursidiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims.

## II. FACTS

### A. Parties

3.     Plaintiff William Brent Robison is an adult who has been employed by Defendant during the applicable statutory period and performed work during the statutory period in Memphis, Tennessee. At all relevant times, Mr. Robison was qualified as an employee under the FLSA, 29

U.S.C. § 203(e)(1).

4. Defendant Travel Leaders Corporate, LLC is a for profit corporation formed and organized under Delaware state law. Travel Leaders Corporate, LLC is managed by Travel Leaders Group, LLC. Travel Leaders Corporate conducts business in the United States and internationally as a business travel solutions firm, focusing on business travel consultation and customized travel fulfillment. At all relevant times herein, Defendant was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Further, Defendant Travel Leaders Corporate is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

6. Additionally, Defendant Travel Leaders Corporate is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. Specifically, Defendant Travel Leaders Corporate earns in excess of $500,000 annually.

### B. Factual Allegations

7. Plaintiff Robison began working for Defendant as a travel specialist on or about July 9, 2018. He was hired to service the Antarctic Support Contract ("ASC") with the United States Antarctic Program ("USAP").

8. Mr. Robison books and services all travel related to the USAP, including travel for government personnel, resarch teams, scientists, and support staff to and from Antarctica. The ASC account has complex requirements and is highly regulated by USAP.

9. During a typical workweek, Mr. Robison is scheduled to work from 9 a.m. to 6 p.m., Monday through Friday. Mr. Robison also works 24-hour on-call shifts in addition to this work schedule.

10. Mr. Robison and Denise Vyse, the only other travel specialist assigned to the ASC account, are required to maintain an "on-call" schedule and be available on an "on-call" basis to ensure 24/7 coverage for ASC and USAP travel as required by the contract between Defendant and ASC/USAP.

11. To staff on-call shifts, Mr. Robison and Ms. Vyse typically alternate on-call weeks.

12. Between July 9, 2018 and January 6, 2020, during an on-call week, in addition to working a Monday to Friday schedule, Mr. Robison worked on-call between Monday from 7:01 p.m. through the following Monday at 8:59 a.m.

13. During these on-call shifts, Mr. Robison was required to answer and respond to all calls within ten (10) minutes. He was prevented from leaving his home or engaging in any personal activities, as the phone calls are extremely time sensitive and require immediate access to Defendant's network.

14. Due to time zone differences and unpredictable weather, a call during on-call hours may require rebooking and reissuing 30 to 60 tickets and sending itineraries to 30 to 60 different travelers.

15. Between August and March, when there is the highest volume of travel bookings for the ASC/USAP account, Mr. Robison and Ms. Vyse issue over 5,000 tickets. During this time,

Mr. Robison is also restricted from using any vacation time.

16. Mr. Robison also tracks all travelers as they depart the United States and travel southbound, ensuring that travelers check-in on time and monitoring the flights for any delays or cancellations. The typical travel time spans from 22 to 25 hours, and it is not uncommon for Mr. Robison to reroute travelers and reissue tickets due to delays and cancellations at all hours, both day and night.

17. Mr. Robison and Ms. Vyse are also required to maintain on-call shifts during major holidays.

18. From July 1, 2018 to approximately January 6, 2020, during an on-call shift, the ASC contact would call or send a text message directly to either Mr. Robison or Ms. Vyse, depending on who is assigned to the on-call shift, so that an after-hours emergency or issue could be addressed within ten (10) minutes.

19. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per week. During the applicable statutory period, Defendant suffered and permitted Plaintiff to work more than forty (40) hours per week without overtime compensation.

20. Throughout Mr. Robison's employment, he has been classified as non-exempt and receives $22.66 per hour in addition to overtime at 1.5 times his regular rate for time logged.

21. While working an on-call shift, Mr. Robison clocks in on the company's time keeping system after receiving a service call and is only paid for the time logged.

22. Between July 9, 2018 and January 6, 2020, Mr. Robison was not paid for any of the on-call time during which he was engaged to wait and unable to effectively use the time for his

own purposes, including regular/non-overtime hours and overtime hours. Put another way, the work burdens and restrictions that were placed on Mr. Robison during his on-call shifts were such that he was prevented from the free use of his personal time.

23. At this juncture, during the statutory period, Mr. Robison estimates that he has not received compensation for on-call time worked totaling approximately 38.75 regular/non-overtime hours and 2,981.04 overtime hours.

24. Further, by failing to accurately record, report, and/or preserve records of all hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine his wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

### III. CASUSES OF ACTION

**Count 1: Unpaid Overtime Under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.**

25. Plaintiff hereby incorporates paragraphs 1-24, as if fully set forth herein.

26. The FLSA requires that covered employees, such as Plaintiff, receive overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. See 29 U.S.C. § 207(a)(1).

27. During the applicable statutory period, Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week while on-call without overtime compensation.

28. At all times during the applicable statutory period, Defendant was aware that Plaintiff worked in excess of forty (40) hours per week on a regular basis because Defendant required Plaintiff to maintain a 24/7 on-call schedule.

29. As a result of its actions and the conduct described above, Defendant has violated

the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq*. with respect to Plaintiff.  Thus, Plaintiff suffered a loss of wages.

30. The foregoing conduct on the part of Defendant constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

### Count 2: Breach of Contract Under Tennessee State Law

31. Plaintiff hereby incorporates paragraphs 1-30 as if fully set forth herein.

32. Defendant contractually agreed to pay, and was required to pay, Plaintiff for all hours worked.  Plaintiff worked hours for which he was not properly compensated, and Defendant has withheld wages, which in equity and good conscious belong to Plaintiff.

33. Failing to pay all straight time and non-overtime hours to Plaintiff has caused Plaintiff to suffer financial harm.  As a result, Plaintiff has suffered a loss in pay.

34. Plaintiff is entitled to wages owed for all non-overtime hours worked during on-call shifts.

### Count 3: Quantum Meruit / Unjust Enrichment Under Tennessee State Law

35. Plaintiff hereby incorporates paragraphs 1-34, as if fully set forth herein.

36. Under the doctrine of quantum meruit/unjust enrichment, Defendant contractually agreed to pay, and was required to pay, Plaintiff for all hours worked.  Plaintiff rendered valuable services to Defendant by working on-call hours for which he was not properly compensated, and Defendant has withheld wages, which in equity and good conscience belong to Plaintiff.

37. Failing to pay all regular/non-overtime hours to Plaintiff unjustly enriched Defendant at the expense of Plaintiff and in violation of Tennessee law.

38. As a result, Plaintiff has suffered a loss in pay.

39. Plaintiff is entitled to wages for regular, non-overtime (straight time) hours worked.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

1. Judgment against Defendant for an amount equal to unpaid back wages at the applicable overtime rates;

2. Judgment against Defendant that its violations of the FLSA were willful;

3. An equal amount to the overtime damages as liquidated damages as required by the FLSA;

4. Judgment against Defendant for an amount equal to Plaintiff's unpaid straight time wages;

5. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

6. An order requiring Defendant to preserve all electronically stored information relevant to this lawsuit; and,

7. For all such further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ William B. Ryan
William B. Ryan – TN Bar #20269
Janelle C. Osowski – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
Email: billy@donatilaw.com
          janelle@donatilaw.com

ATTORNEYS FOR PLAINTIFF